IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| MONTENEZ PROSSER, | : | |
| | : | |
| Plaintiff, | : | |
| vs. | : | 5:05-CV-318 (CAR) |
| | : | |
| TACO BELL, | : | |
| | : | |
| Defendant. | : | |

## ORDER ON PLAINTIFF'S MOTION FOR JURY TRIAL

Before the Court is Plaintiff's Motion for Jury Trial (Doc. 50) in which Plaintiff asks the Court to grant his request for a jury trial in accordance with Federal Rule of Civil Procedure 39(b). For the reasons set forth below, Plaintiff's Motion is **GRANTED**.

**I. BACKGROUND**

On September 2, 2005, Plaintiff Montenez Prosser filed a pro se Complaint against his employer, Taco Bell, and one of his supervisors, Ashbin Patel, alleging he was wrongfully discharged because of his gender, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17 (2000). Although the Complaint requested "recovery of back pay," "front pay," "expenses and attorney's fees," and "damages," Plaintiff did not specifically request punitive damages or compensatory damages and did not demand a trial by jury.

In lieu of filing an Answer to the Complaint, Defendants filed a Motion to Dismiss arguing the Court lacked subject matter jurisdiction over the matter and that Plaintiff had failed to state a proper claim against Defendant Patel. On April 7, 2006, the Court granted Defendants' Motion to Dismiss with respect to the claims asserted against Defendant Patel and denied Defendants' Motion with respect to the claims asserted against Defendant Taco Bell. Defendant Taco Bell subsequently filed its Answer and

1

litigation ensued.

After completing discovery, Defendant Taco Bell filed a Motion for Summary Judgment arguing it was entitled to judgment as a matter of law. On May 16, 2007, the Court denied Defendant's Motion for Summary Judgment, finding a genuine issue of material fact as to the general manager's motivation for terminating Plaintiff. Accordingly, the case was set for trial, and the Court issued its Order for Pretrial Conference on July 11, 2007. On August 6, 2007, Attorney Betty B. Walker filed her notice of attorney appearance on behalf of Plaintiff and nine days later filed the Motion for Jury Trial that is currently before the Court.

Plaintiff acknowledges that he failed to timely demand a jury trial in accordance with Federal Rule of Civil Procedure 38, but argues the Court should exercise its discretion and grant Plaintiff a jury trial in accordance with Federal Rule of Civil Procedure 39(b). In response, Defendant argues Plaintiff's Complaint does not articulate a claim for which a jury trial is available and, in the alternative, the circumstances of this case weigh heavily against granting Plaintiff a jury trial in accordance with Rule 39(b).

**II. RIGHT TO A JURY TRIAL UNDER TITLE VII**

While there is no right to a trial by jury in cases arising under Title VII, Lehman v. Nakshian, 453 U.S. 156, 164 (1981), the 1991 amendments to the Civil Rights Act created a statutory right to trial by jury for cases in which the complaining party seeks compensatory or punitive damage. 42 U.S.C. § 1981a (c) (2000). The term "compensatory damages" includes damages for "future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses," but does not include damages for backpay, interest on backpay, or any other type of relief authorized under 42 U.S.C. § 2000e-5(g). Id. at § 1981a (b). Title VII plaintiffs may also

2

recover punitive damages provided there is evidence the employer in question willfully violated the Act. Id.

Here, Defendant argues that the Complaint "articulates no factual basis for compensatory and punitive damages, nor does Plaintiff's prayer for relief seek punitive damages." (Def.'s Resp. to Pl.'s Mot. for Jury Trial 2.) Therefore, according to Defendant, Plaintiff is not entitled to a jury trial. The Court does not agree. Initially, the Court notes that Plaintiff filed his Complaint and proceeded through litigation without the aid of trained counsel. Thus, the Court must construe the Complaint more liberally than it would formal pleadings drafted by trained lawyers. See Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) ("Pro se pleadings are held to a less stringent standard than pleading drafted by attorneys and will, therefore, be liberally construed."); Powell v. Lennon, 914 F.2d 1459, 1463 (11th Cir. 1990) ("In the case of a pro se action, . . . the court should construe the complaint more liberally than it would formal pleadings drafted by lawyers.").

While Plaintiff did not claim compensatory or punitive damages by name, Plaintiff clearly indicated he was seeking damages in addition to back pay, front pay, expenses and attorney's fees. Therefore, when construing the Complaint liberally, the Court finds it reasonable to conclude Plaintiff did intend to claim compensatory damages. Furthermore, Plaintiff clearly indicated that he was also seeking damages for willful violations of Title VII. (Compl. 4.) As it is generally only necessary to show an employer willfully violated Title VII when seeking punitive damages, it is also reasonable to conclude that Plaintiff intended to claim punitive damages. Accordingly, the Court finds the Complaint states a claim for which a jury trial is provided.

**III. FEDERAL RULE OF CIVIL PROCEDURE 39(B)**

Rule 39 of the Federal Rules of Civil Procedure provides as follows: "notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues." Fed. R. Civ. P. 39(b). "In this circuit, the general rule governing belated jury requests under Rule 39(b) is that the trial court should grant a jury trial in the absence of strong and compelling reasons to the contrary." Parrott v. Wilson, 707 F.2d 1262, 1267 (11th Cir. 1983) (citation omitted). When evaluating a Rule 39(b) request, the Courts routinely considers the following five factors: "(1) whether the case involves issues which are best tried to a jury; (2) whether granting the motion would result in a disruption of the court's schedule or that of the adverse party; (3) the degree of prejudice to the adverse party; (4) the length of the delay in having requested a jury trial; and (5) the reason for the movant's tardiness in requesting a jury trial." Id.

Here, Plaintiff asserts this case involves issues that are best tried by a jury and that granting Plaintiff's belated Motion will not result in undue delay or prejudice to Defendant. Plaintiff also argues his failure to make a timely demand for a jury trial was not a result of oversight, indifference, or inadvertence, but rather due to Plaintiff having initiated this action as a pro se litigant. In contrast, Defendant argues that moving the case to a jury docket would significantly and unnecessarily delay the trial of the case and significantly disrupt Defendant's legal strategy. Furthermore, Defendant argues Plaintiff's proffered excuse - that he was proceeding pro se - is irrelevant as unrepresented plaintiffs are bound by the Federal Rules of Civil Procedure.

Having throughly considered the relevant issues, the Court concludes the relevant factors weigh in favor of granting Plaintiff's Motion. As explained fully in the Court's Order denying Defendants Motion for Summary Judgment, genuine issues of material fact remain in this case, which are best decided by a jury of Plaintiff's peers. Although Defendant may be slightly inconvenienced by the

Court's decision to grant Plaintiff a jury trial, neither the Court's schedule nor Defendant's schedule will be disrupted as the case will proceed as scheduled. Finally, while Plaintiff's status as a pro se litigant does not allow him to ignore the Federal Rules of Civil Procedure, the Court finds the circumstances surrounding Plaintiff's delay in demanding a jury trial weighs in favor of granting Plaintiff's Motion.

**IV. CONCLUSION**

For the reasons explained herein, Plaintiff's Motion for Jury Trial (Doc. 50) is GRANTED.

**SO ORDERED**, this 10th day of September, 2007.

S/ C. Ashley Royalll
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT

SCS / ssh